IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERIC SHAW                                                                                                          PLAINTIFF

v.                             Civil No.: 6:18-CV-06062

CITY OF HOT SPRINGS, ARKANSAS;                                     DEFENDANTS
OFFICER SHAWN LOWREY;
OFFICER LES JESSUP;
OFFICER MICHAEL STONE

**ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on July 10, 2018. (ECF No. 1). His Complaint centers on his treatment by Hot Springs police officers after he was involved in a traffic accident resulting in the death of a motorcyclist on April 19, 2018. (ECF No. 1 at 6). Plaintiff alleges Defendant Lowry denied him due process because he did not list witnesses on the accident report. (*Id.*). He alleges Defendants Lowry and Stone falsely imprisoned him when they locked him in the back of the patrol car with no probable cause or justification. (*Id.*).

He alleges he was then taken to St. Vincent Hospital, where the officers falsely told the emergency room staff that he was there to voluntarily give a blood sample. Plaintiff denied that he was there voluntarily and attempted to leave the hospital to pray at the crash site for the victim. He alleges he was handcuffed and prevented from leaving, thereby denying him his right to religious freedom. (*Id*. at 7). He alleges Defendant Stone told him he would take the handcuffs

1

off if he gave blood voluntarily. When he removed the handcuffs, Plaintiff tried to leave, and Stone and his partner blocked his path. Defendant Stone's female partner called someone and asked what they should do with him, as he was trying to leave. She then hung up the phone and told Defendant Stone to arrest him for driving on a suspended license. He was then handcuffed again. (*Id.* at 7).

After a 40-minute wait, Defendant Jessup arrived with a fake search warrant for his blood, thereby violating Plaintiff's rights with a false swearing. (*Id.* at 7). The hospital would not draw his blood based on the warrant, requiring Plaintiff's consent. Defendant Stone then told the nurse Plaintiff was a "scumbag," violating Plaintiff's rights by humiliating him. The hospital continued its refusal to draw his blood. (*Id.* at 7).

Plaintiff was then taken to the National Park Medical Center, where he was pulled out of the car and thrown onto the concrete while still handcuffed. Plaintiff alleges this use of excessive force against him violated his rights. He was placed in a wheelchair and pushed into the emergency room at the Medical Center, where he again refused to give a blood sample. The medical staff at National Park Medical Center also refused to take a blood sample from him. (*Id.* at 8).

Plaintiff was then transported to the Garland County Detention Center, where Defendant Stone wrote a citation for driving on a suspended license. Plaintiff alleges the events of the night resulted in him suffering emotional distress. (*Id.* at 8).

Plaintiff's Complaint is silent as to the capacity in which he is suing the Defendants. He seeks punitive damages. (*Id.* at 4).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

"[A] plaintiff who wishes to sue a state official in his personal capacity must so specify in her complaint. If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 619 (8th Cir. 1995) (internal citation omitted) (citing *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir.1989)).

Here, Plaintiff's Complaint is silent as to the capacity in which he is suing the Defendants. The Court must, therefore, interpret his Complaint as including only official capacity claims.

Plaintiff fails to allege any plausible official capacity claims. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Plaintiff has identified no policy or custom of the City of Hot Springs, Arkansas which violated his rights. He, therefore, fails to state any plausible official capacity claims.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 31st1st day of July 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE